## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DOYLE H. PIERCE and<br>J. HAROLD PIERCE,<br><br>      Plaintiffs,<br><br>v.<br><br>FIRST COMMERCIAL LEASING CORP.,<br>BANCPARTNERS LEASING, INC., and<br>J. WARREN HAWKINS,<br><br>      Defendants. | Misc. Proceeding 05-102<br><br><br><br><br>United States District Court<br>Case No. 03-A-217-N |

### SUPPLEMENTAL REPORT AND RECOMMENDATION
### FROM UNITED STATES BANKRUPTCY JUDGE
### WILLIAM R. SAWYER TO THE DISTRICT COURT

This is to supplement the Report and Recommendation which was filed by the undersigned on October 24, 2006. Defendants BancPartners Leasing, Inc., and J. Warren Hawkins (collectively referred to as "Banc") moved for summary judgment on July 18, 2006. (Doc. 56). A second motion for summary judgment was filed by Equifax Information Services, LLC, on July 31, 2006. (Doc. 58). On October 24, 2006, the undersigned filed a Report and Recommendation to the effect that both motions should be granted. (Doc. 63).

On November 6, 2006, the Plaintiffs filed objections to the October 24, 2006 Report and Recommendation. The Plaintiffs raised several objections, one of which was that the undersigned erred in failing to consider whether the involuntary bankruptcy cases, which are the subject of the underlying civil action here, should be reopened, citing 11 U.S.C. § 350. The undersigned did not consider this in the October 24, 2006 Report as heretofore no such request had been made. Additional time was given to the parties to brief this new contention. The

parties have filed supplemental briefs, and for the reasons set forth below, the request to reopen these bankruptcy proceedings is denied.

The three involuntary bankruptcy petitions in question were dismissed on June 12, 2001. The dismissal of a petition in bankruptcy is a final order. See Zolg v. Kelly (In re Kelly), 841 F.2d 908, 911 (9th Cir. 1988) ("It is obvious that a dismissal of a debtor's bankruptcy petition is final, terminating, as it does, all litigation in the case"). The Plaintiffs had 10 days to move to alter and amend the order of dismissal and request damages and attorney's fees. Rule 9023, FED. R. BANKR. P. After this 10 day period ran, which was June 22, 2001, the Plaintiffs could have moved for relief from the final order. Rule 9024, FED. R. BANKR. P. A motion under Bankruptcy Rule 9024, as a motion pursuant to Rule 60(b), FED. R. CIV. P., must be made within a reasonable time, but not more than one year after entry of the order. Therefore, at the latest, the Plaintiffs' motion seeking attorney's fees and damages should have been brought by June 12, 2002. The earliest mention the Plaintiffs have made seeking such relief was in their November 6, 2006 Objection.[1] The Plaintiffs are years too late and for that reason alone, the undersigned will not reopen the June 12, 2001 Orders of dismissal. The Plaintiffs, by foregoing their remedies under 11 U.S.C. § 303(i) of the Bankruptcy Code, to pursue what they no doubt hoped would be the greener pastures of a jury trial in State Court, should not now be heard to complain that their choice was ill conceived.

The Plaintiffs complain, in their Supplemental Brief, that they had no reason to know of

---

[1] The Plaintiffs filed their complaint in State Court in January of 2003, six months after the one year period of Bankruptcy Rule 9024 had run. If one were to ignore for the moment the absurdity of construing a complaint filed in State Court as a motion to reopen an involuntary bankruptcy case, the Plaintiffs are still six months late. This is not to suggest that the undersigned would go so far as to permit the request to reopen to relate back as early as January of 2003 in this case, but even if he did, the Plaintiffs are nevertheless too late.

the "impending doom" awaiting them. (Doc. 75). The Plaintiffs would do violence to all notions of finality if they were permitted to double back, reopen the orders of dismissal entered in 2001, and proceed on the merits of their claims for damages and attorney's fees, five years after dismissal of the involuntary petitions. The Plaintiffs have advanced no reason for their failure to timely seek damages and attorney's fees under § 303(i), other than their assumption that they could proceed in State Court. The Plaintiffs have cited no cases for the proposition that a misapprehension of the legal effect of their course would toll any of the applicable time limits and the undersigned is not aware of any. To hold otherwise would expose parties to endless litigation and undercut the policy that judgments are final.

Done this the 29th day of January, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge