IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOYLE H. PIERCE and<br>J. HAROLD PIERCE,<br><br>        Plaintiffs,<br><br>v.<br><br>FIRST COMMERCE LEASING<br>CORP., BANCPARTNERS LEASING,<br>INC., J. WARREN HAWKINS, and<br>EQUIFAX CREDIT INFORMATION<br>SERVICES,<br><br>        Defendants. | CIVIL ACTION NO. 2:03cv217-WHA<br><br>(WO) |

## **ORDER**

This cause is before the court on the Plaintiffs' Objection (Doc. #56) to the Report and Recommendation of United States Bankruptcy Judge William R. Sawyer (Doc. #54), and the Plaintiffs' Objection (Doc. #67) to the Supplemental Report and Recommendation of United States Bankruptcy Judge William R. Sawyer (Doc. #64).  Having considered the bankruptcy judge's Report and Recommendation and Supplemental Report and Recommendation as well as the objections, parties' briefs, and the entire file, and after a *de novo* review, the court finds that the Plaintiff's Objections are due to be OVERRULED.

### **Motion of Bancpartners and Hawkins**

First, as to the Recommendation regarding the  Motion for Summary Judgment filed by Defendant Bancpartners Leasing, Inc., formerly known as First Commerce Leasing Corp. ("Bancpartners"), and Defendant J. Warren Hawkins, the Plaintiffs argue that the bankruptcy

judge made a procedurally improper *sua sponte* determination that there was no cause of action against Bancpartners under §303(i) of the Bankruptcy Code.  The Plaintiffs' argument, however, is flawed.  The Eleventh Circuit has noted that entry of summary judgment *sua sponte* is appropriate in "cases involving purely legal questions based on complete evidentiary records." *Artistic Entertainment, Inc. v. City of Warner Robbins*, 331 F.3d 1196, 1201 (11th Cir. 2003).  The determination of whether §303(i) of the Bankruptcy Code provides an independent cause of action presents a "purely legal question."  Furthermore, the bankruptcy judge had a complete procedural history.  No additional evidence was necessary to determine this issue, and the Plaintiffs have made no suggestion that the evidentiary record pertinent to this issue is incomplete in any respect.  Accordingly, the court finds that, in regard to the Plaintiffs' argument that the bankruptcy judge's recommendation for *sua sponte* summary judgment was procedurally improper, the Plaintiffs' Objection is due to be OVERRULED.

The second issue raised in the Plaintiffs' Objection is that, even if the *sua sponte* determination was procedurally sound, the bankruptcy judge's interpretation of §303(i) of the Bankruptcy Code is erroneous.  After reviewing the Plaintiffs' Objection and the cases cited to therein, this court finds no fault in the bankruptcy judge's determination.  Simply stated, the cases cited do not support the interpretation set forth by the Plaintiffs because each of these cases is distinguishable from the present case.  Even if they were not, however, none of the cited cases present binding precedent.  Moreover, the court finds that the bankruptcy judge relied on a more pertinent and persuasive case - *Raymark Indus., Inc.v. Baron*, No. CIV 96-7625, 1997 WL 359333 (E.D. Pa. June 23, 1997) - than the cases cited in the Plaintiffs' Objection, and this court agrees with the bankruptcy judge.  Accordingly, in regard to the argument that the bankruptcy

judge erred in determining that §303(i) of the Bankruptcy Code does not create an independent cause of action, the Plaintiffs' Objection is due to be OVERRULED.

The Plaintiffs also object to the Supplemental Report and Recommendation dealing with this motion on the grounds that (1) the bankruptcy judge erred in determining that the Plaintiffs' request to reopen the involuntary bankruptcy proceedings under Rule 60(b)(6) of the Federal Rules of Civil Procedure must be made within one year of entry of the final order dismissing the case, and (2) because since the Plaintiffs had no reason to seek to reopen the initial involuntary cases, as they were pursuing other methods of relief, any relief now sought should be deemed timely. The Plaintiffs' arguments, however, are unpersuasive.

Considering the Plaintiffs' objection regarding timing under Rule 60(b)(6), the court finds that the Plaintiffs' argument fails, regardless of whether the one year time period set forth in the Supplemental Report and Recommendation is correct or not. Assuming that the one year time requirement set forth by the bankruptcy judge is incorrect, as argued by the Plaintiffs,[1] the result still is the same. Even applying the lesser standard of "reasonableness" sought by the Plaintiffs, the court finds that the Plaintiffs did not file their petition to reopen the involuntary bankruptcy case within a "reasonable" time. See Fed. R. Civ. P. 60(b) ("The motion shall be made within a reasonable time. . . ."). As the bankruptcy judge points out, the involuntary bankruptcy petitions in question were dismissed on June 12, 2001. The Plaintiffs did not make any attempt to reopen the case regarding these petitions until November of 2006, at the earliest. The Plaintiffs having not acted for over five years in regard to these petitions, the court finds that

---

[1] The court makes no finding in regard to the validity of the time frame set forth by the bankruptcy judge.

the period of "reasonableness" for petitioning the court to reopen the case under the catch-all provision of Rule 60(b) had long since passed.

In regard to Plaintiffs' second ground of objection, the court notes that the Plaintiffs provide no case law supporting their contention.  Furthermore, without any support, the court is unwilling to agree with the Plaintiffs' entirely novel idea that, simply because a plaintiff is seeking a separate form of relief, the time period for which that plaintiff can request other relief is tolled.  Such a concept is too far afield from basic civil procedure concepts for this court to adopt without some supporting precedent.  Accordingly, the Plaintiffs' Objection to the Supplemental Report and Recommendation is due to be OVERRULED.

## Motion of Equifax Credit Information Services

The part of the Report and Recommendation that referred to this motion recommended that the motion be granted because the only submission by the Plaintiffs seeking to show damages caused by Equifax was inadmissible hearsay contained in an affidavit of the Plaintiff Doyle H. Pierce.

The ground of Plaintiffs' Objection to the Recommendation that this motion be granted is that the Defendant did not object to the affidavit of Doyle Pierce submitted in opposition to the motion, and that, absent any objection from the Defendant, the affidavit evidence must be considered by the court regardless of its failure to comply with Rule 56(e) of the Federal Rules of Civil Procedure.[2]  The Plaintiffs cite *Lacey v. Lumber Mut. Fire Ins. Co.*, 554 F.2d 1204, 1205

---

[2] It must be noted that Plaintiffs do not object on the ground that the bankruptcy judge erred in his determination that the affidavit contained inadmissible evidence on the grounds of hearsay and lack of relevance.  Instead, the Plaintiffs only object to the bankruptcy judge's

(1 st Cir. 1977) (quoting 10 C. Wright and A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2738, at 706 (1973) ("A party must move to strike an affidavit that violates Rule 56(e); if he fails to do so, and in the absence of 'a gross miscarriage of justice,' the court may consider the defective affidavit.") and *Auto Drive-Away Co. Hialeah, Inc. v. I.C.C.*, 360 F.2d 446, 448-49 (5th Cir. 1966) ("An affidavit that does not measure to the standards of 56(e) is subject to a timely motion to strike.  In the absence of this motion, formal defects in the affidavit ordinarily are waived.")   The Plaintiffs interpret these cases to mean that, absent an objection by defendants, a court must consider an affidavit submitted by the plaintiffs despite defects.  This interpretation stretches the cited rule beyond its plain meaning.  The cited cases and commentary merely suggest that a party waives an objection to a defective affidavit (and *Auto Drive-Away* refers to a formal defect) if such objection is not raised at the summary judgment stage, and that, in the absence of "a gross miscarriage of justice", a district court will not be reversed for considering it.  The rule, however, does not suggest concurrently that a court is required to consider the defective affidavit absent an objection.  The proposition argued by the Plaintiffs is not supported by the cases or the rule cited.  Thus, the Plaintiffs' argument fails.

Furthermore, the Plaintiffs' interpretation of the cited rule clearly is at odds with Rule 56(e) of the Federal Rules of Civil Procedure, which states that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the matter stated therein." FED. R. CIV. PRO. 56(e).  Here, the bankruptcy judge ignored the parts of the affidavit he deemed to be inadmissible hearsay and was well within his authority to do so.

---

determination not to consider the inadmissible evidence under Rule 56(e).

Accordingly, in regard to the argument that, absent any objection from the Defendant, the affidavit evidence submitted in opposition to summary judgment must be considered by the court regardless of its failure to comply with Rule 56(e), the Plaintiffs' Objection is due to be OVERRULED.

Since, however, no objection was made, or motion to strike filed, by the Defendant to the hearsay nature of the affidavit, so as to call that issue to the attention of the non-movant Plaintiffs before the bankruptcy judge made his recommendation, the court deems it appropriate to allow the Plaintiffs to supplement their response to the Defendant's Motion for Summary Judgment on the issue of damages before this court rules on the motion. Such supplementation may take the form of further briefing on whether the hearsay statements in the affidavit of Doyle Pierce should be considered by the court as evidence in opposition to the Defendant's motion, or additional evidence, or both.

## **Conclusion**

Based on the foregoing reasons, it is hereby ORDERED as follows:

1. The Plaintiffs' Objection to the Report and Recommendation of the Bankruptcy Judge and Objection to the Supplemental Recommendation of the Bankruptcy Judge are OVERRULED.

2. The court ADOPTS the Recommendation (Doc. #54) and Supplemental Recommendation (Doc. #64) of the Bankruptcy Judge insofar as they pertain to the Motion for Summary Judgment of Bancpartners Leasing, Inc., formerly known as First Commerce Leasing Corp., and J. Warren Hawkins, and the motion is GRANTED.

3.  The Plaintiffs are given **until September 24, 2007**, to supplement their response to the Motion for Summary Judgment of Equifax Credit Information Services in the manner allowed above.  Defendant Equifax is given **until October 5, 2007**, to reply.

DONE this 10th day of September, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE